Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **RON BAKER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05CV00059 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JIM WALTER HOMES, INC.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*John H. Qualls, Gate City, Virginia, and Gregory J. Baker, Gate City, Virginia, for Plaintiff; William W. Tunner, Thompson & McMullan, P.C., Richmond, Virginia, for Defendant.*

In this contract action, the defendant has moved to dismiss on the ground that the action is barred by the statute of frauds. Because I hold that a motion to dismiss is not the proper method of raising this defense under the circumstances of this case, I will deny the motion.

The plaintiff, Ron Baker, filed suit in the Circuit Court of Scott County, Virginia, against the defendant, Jim Walter Homes, Inc., alleging that the defendant had breached a "valid oral contract" to sell the plaintiff a two-story "Victorian" model home from the defendant's lot in Kingsport, Tennessee, for $1,000.[1] (Mot. J. ¶ 13.)

---

[1] The plaintiff alleges that he had similarly purchased three other homes from the defendant. He alleges that he accepted the offer to sell the home in question by telephone from his home in Virginia.

The defendant thereafter removed the action to this court, based on diversity of citizenship and amount in controversy.² *See* 28 U.S.C.A. § 1441(a) (West 1994). Prior to removal, the defendant filed a Demurrer and Special Plea in Bar, which it now asserts as the equivalent to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The motion has been briefed and is ripe for decision.³

The sole basis for the requested dismissal of this action is that the oral contract asserted by the plaintiff is barred by the appropriate Virginia statute of frauds, either that applicable to the sale of real estate, Va. Code Ann. § 11-2 (1999), or to the sale of goods, Va. Code Ann. § 8.2-201 (2001).

In federal pleading, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

---

² The plaintiff claims damages for breach of contract in the amount of $200,000.

³ I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

The statute of frauds is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a motion to dismiss can be granted only when such an affirmative defense "appears clearly on the face of the pleadings." *Walley v. Steeples*, 297 F. Supp. 2d 884, 886 (N.D. Miss. 1996).

Exceptions exist to the statute of frauds, and I agree with the plaintiff that the issue cannot be decided on the present state of the record. While it may appear unlikely that the plaintiff will be able to successfully defend the assertion of this defense on an appropriate motion for summary judgment, I do not find that I can dismiss the action at this point.[4]

For these reasons, it is **ORDERED** that the Motion to Dismiss is DENIED.

ENTER: January 23, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] As noted by one court:

> Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.

*Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).