PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| RON BAKER, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:05CV00059 |
| | ) |
| v. | ) OPINION |
| | ) |
| JIM WALTER HOMES, INC., | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*John H. Qualls, Gate City, Virginia, and Gregory J. Baker, Gate City, Virginia, for Plaintiff; William W. Tunner, Thompson & McMullan, P.C., Richmond, Virginia, for Defendant.*

In this diversity case, I find that the plaintiff's action is barred by the Virginia statute of frauds.

The plaintiff, Ron Baker, filed suit in the Circuit Court of Scott County, Virginia, against the defendant, Jim Walter Homes, Inc. ("Jim Walter Homes"), alleging that the defendant had breached a "valid oral contract" to sell the plaintiff a two-story model home from the defendant's lot. (Mot. J. ¶ 13.)[1] The defendant thereafter removed the action to this court, based on diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1441(a) (West 1994).

---

[1] Under Virginia law at the time, a motion for judgment was the equivalent of a civil complaint for damages.

Jim Walter Homes has now moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, asserting, among other things, that the action is barred by the applicable statute of frauds. The issues have been briefed and argued and the Motion for Summary Judgment is ripe for decision.

The uncontested facts as shown by the summary judgment record are as follows.

Jim Walter Homes is a "contract home builder" that has "model homes built on a display lot for public inspection." (Mot. J. ¶ 3.) A prospective customer may thus view the various model homes on the display lot and decide whether to have Jim Walter Homes build the selected model for the customer on the customer's land. In the present case, Jim Walter Homes had built four model homes as well as a construction office on a display lot that it had rented in Kingsport, Tennessee. The lease of the lot was shortly to run out and Jim Walter Homes decided to sell the model homes and the office to buyers who would remove them from the lot. Otherwise, the owner of the lot would have obtained the buildings. (Mot. J. ¶ 5.)

The plaintiff Baker purchased three of the model homes and the construction office, each pursuant to a written contract, and moved them from the lot. The fourth and remaining model home is the subject of this case. Baker claims that Jim Walter Homes, through its agent, Jim Meadows, orally agreed to the sell this model home to

him for the price of $1,000. Under the alleged terms of this contract, Baker was to remove the house from the lot and place it on other land by way of "partial demolition and use of a house mover." (Pl.'s Resp. to Def.'s Interrog. # 7.) Jim Walter Homes denies that there was any agreement to sell the model home. In addition, it asserts that the alleged oral contract is unenforceable by virtue of either the Virginia statute of frauds relating to real estate or the Uniform Commercial Code ("UCC") statute of frauds relating to the sale of goods.[2]

The Virginia real estate statute of frauds bars any action "upon any contract for the sale of real estate" unless it is in writing. Va. Code Ann. § 11-2(6) (Michie 1999). Land or real estate "includes everything belonging or attached to it, above and below the surface." *Stuart v. Pennis*, 22 S.E. 509, 510 (Va. 1895). Similarly, the UCC statute of frauds makes unenforceable any oral contract for the sale of goods for the price of $500 or more. *See* Va. Code Ann. § 8.2-201(1) (Michie 2001).

Baker concedes that there is no writing that qualifies under either statute of frauds. However, he argues that the real estate statute of frauds does not apply because the model home in question was not real estate and that the UCC statute of frauds does not apply because Jim Walter Homes has admitted that a contract for sale

---

[2] The parties agree that Virginia law applies. *See Stein v. Pulaski Furniture Corp.*, 217 F. Supp. 587, 588-89 (W. D. Va. 1963) (holding that Virginia statute of frauds applies to federal diversity action in Virginia, even if contract made outside Virginia).

-3-

was made. *See* Va. Code Ann. § 8.2-201(3)(b) (Michie 2001) (providing that the contract is enforceable "if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted").

Summary judgment is appropriate if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). For the reasons that follow, I find the plaintiff's action is barred and judgment must be entered for the defendant.[3]

In arguing that the real estate statute of frauds does not apply, Baker relies on the decision in *Pardoe & Graham Real Estate, Inc. v. Schulz Homes Corp.*, 525 S.E.2d 284 (Va. 2000). However, that case does not help the plaintiff. There, the Virginia court held that an oral contract for a commission on the sale of a custom home to be built on a lot already owned by the home buyer was not covered by the real estate statute of frauds. The court reasoned that since the home had not yet been built, it could not be considered "real estate" within the meaning of the statute of frauds, noting that "[g]enerally, 'contracts to erect buildings or other structures upon

---

[3] Because I decide the case based on the statute of frauds, it is not necessary for me to decide any other ground for summary judgment in favor of the defendant.

-4-

Case 2:05-cv-00059-JPJ-PMS   Document 30   Filed 07/19/06   Page 4 of 8   Pageid#: 264

land are not within the statute [of frauds], *although the structures when completed will be real estate.*'" *Id.* at 286-87 (quoting 9 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 25.15 (4th ed. 1999)).

In the present case, the model home had already been built when the alleged contract was made.

Moreover, a UCC provision, Va. Code Ann. § 8.2-107(1) (Michie 2001), is controlling. That statute provides that "[a] contract for the sale of . . . a structure or its materials to be removed from realty is a contract for the sale of goods within this title if they are to be severed by the seller . . . ." *Id.* An Official Comment to this UCC section states that

> [i]f the buyer is to sever, such transactions are considered contracts affecting land and all problems of the Statute of Frauds and of the recording of land rights apply to them. Therefore, the Statute of Frauds section of this Article does not apply to such contracts though they must conform to the Statute of Frauds affecting the transfer of interests in land.

UCC § 2-107 official comment 1 (1972).[4]

Other courts have applied UCC § 2-107(1) to similar facts. *See Denton v. Clove Valley Rod & Gun Club, Inc.*, 464 N.Y.S.2d 203, 204 (App. Div. 1983)

---

[4] While the official comments to the UCC are not binding on Virginia courts, they "are frequently helpful in discerning legislative intent." *Halifax Corp. v. First Union Nat'l Bank*, 546 S.E.2d 696, 703 (Va. 2001).

-5-

(holding that oral contract for buyer to purchase and remove historical home from land was governed by UCC § 2-107(1) and barred by real estate statute of frauds); *Rosen v. Hummel*, 365 N.Y.S.2d 79, 81 (App. Div. 1975) (holding that oral contract for buyer to enter on land and dismantle and carry off "a structure" was controlled by § 2-107 and barred by real estate statute of frauds); *see also* Williston & Lord, *supra*, at § 26:13 (explaining that while at common law a contract to sell and deliver a house was a contract for the sale of goods, UCC § 2-107(1) changes that rule where the buyer, rather than the seller, is to sever the structure).

Baker argues that it was not intended that the model home be considered as real estate. He has submitted copies of the written contracts for his purchase from Jim Walter Homes of the other display models located on the lot. Two of these written contracts state that "Buyer is purchasing only the display model home and fixtures attached to that house. The property on which the model is located is not a part of the sale." (Pl.'s Mem. Opp'n Sum. J. 7.)

It is true that UCC § 2-107(2) provides that things other than structures that are attached to land and which can be severed without material harm to the realty, are treated as goods, regardless of whether the buyer or the seller is to sever the item. *See* Va. Code Ann. § 8.2-107(2) (Michie 2001); Williston & Lord, *supra*, at § 26:12 (noting that for the purposes of the statute of frauds and other purposes, "certain

mobile homes and modular homes . . . and . . . certain other prefabricated metal or other buildings" may be treated as goods rather than as realty).

The defendant Jim Walter Homes, which has the burden of proof of the affirmative defense of the statute of frauds, has not presented precise evidence surrounding the construction of the model home in question. *See State Highway & Transp. Comm'r of Va. v. Edwards Co.*, 255 S.E.2d 500, 503 (Va. 1979) (holding that intention of party making the annexation is the prime consideration in determining whether personal property has become reality, which intent may be inferred from the nature of the property, its purpose, and the mode of annexation). Nevertheless, it is sufficiently clear from the summary judgment record that the model home was a "structure" and thus UCC § 2-107(1) applies. *See Condon Bros., Inc. v. Simpson Timber Co.*, 966 P.2d 355, 358 (Wash. 1998) (holding that dictionary definition of the word "structure" as "something constructed or built" governs in applying UCC § 2-107(1)).

For these reasons, I find that this action is barred by the Virginia statute of frauds relating to the sale of real estate.[5]

---

[5] Even if the UCC statute of frauds applied as the plaintiff contends, the result would not be different. The plaintiff contends that his action falls within the so-called "judicial admission" exception to the UCC statute of frauds providing that an oral contract is enforceable "if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made." Va. Code Ann. § 8.2-

-7-

A separate judgment will be entered.[6]

DATED: July 19, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

201(3)(b). However, the plaintiff has not shown that there has been any such admission. In fact, the employees of the defendant who dealt with the plaintiff both expressly deny the existence of a contract in affidavits filed with the court in support of summary judgment. (Bass Aff. ¶¶ 6, 7; Meadows Aff. ¶¶ 8, 9, 14.) The affidavits of witnesses for the plaintiff who claim that these employees made out-of-court admissions do not constitute judicial admissions.

[6] Because of the basis of my ruling, it is unnecessary for me to rule on the defendant's Motion to Strike as to one of the plaintiff's affidavits, or the plaintiff's Motion for Leave to Answer Request for Admission Number Four.

-8-